IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINA
RICHMOND DIVISION

| | |
|---|---|
| BRUMATE, INC., <br><br> Plaintiff, <br><br> v. <br><br> OCCASIONALLY MADE LLC d/b/a SWIG LIFE, <br><br> Defendant. | Civil Action No. 3:21-cv-273 <br><br> Jury Trial Demanded |

## COMPLAINT

Plaintiff Brumate, Inc. ("Plaintiff") files this Complaint against Defendant Occasionally Made LLC d/b/a Swig Life ("Defendant") for patent infringement arising under the patent laws of the United States, 35 U.S.C. § 1, et seq.

## THE PARTIES

1. Plaintiff is a Delaware corporation with its principal address at 874 Walker Road, Suite C, Dover, DE 19904.

2. Defendant is a Virginia limited liability company with a principal address at 8001 Franklin Farms Dr, Ste 100, Henrico, VA 23229.

## JURISDICTION AND VENUE

3. Plaintiff brings this action for patent infringement under the patent laws of the United States, namely 35 U.S.C. §§ 271, 281, and 284-285, among others. This Court has subject-matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338(a).

4. Defendant is subject to personal jurisdiction of this Court based upon its regularly conducted business in Virginia and in this judicial district.

5.  Venue is proper in this judicial district pursuant to 28 U.S.C. §§ 1400(b), because Defendant's principal office is located in this judicial district, Defendant conducts business in this judicial district, and Defendant has committed acts of infringement in this judicial district.

## FACTUAL BACKGROUND

6.  Plaintiff is in the business of designing and distributing insulated beverage containers.

7.  U.S. Patent No. 10,457,471 (the "Patent"), titled "Beverage Systems and Kits and Methods of Using the Same," was duly and legally issued by the United States Patent and Trademark Office ("USPTO") on October 29, 2019. The Patent is and remains valid and enforceable.

8.  Plaintiff is the owner by assignment of the entire right, title, and interest in and to the Patent, including the sole and undivided right to sue for infringement. A true and correct copy of the Patent is attached hereto as **Exhibit A**.

9.  The relevant claims of the Patent, as asserted herein, are generally directed to a beverage kit that is comprised of (1) a container having an internal threaded section; (2) a threaded gasket configured to engage the internal threaded section of the container; (3) the threaded gasket is configured to contact at least a portion of a beverage can when the beverage can is positioned within the container and when the threaded gasket is engaged with the internal threaded section of the container, so that the beverage can will not fall out of the container when the container is inverted; (4) the user can drink the beverage from the beverage can while the threaded gasket is coupled to the container and in contact with the beverage can; (5) a lid can be configured to engage an internal portion of the container; and (6) the lid has an extension portion extending from a cover portion, the extension portion having a seal positioned thereon.

10. Defendant has and continues to sell and/or offer to sell through its website, and elsewhere, a product that it promotes as its Combo Can & Bottle Cooler (the "Combo Product").

11. The Combo Product was originally sold as a kit with a lid included, as shown in the following photograph of the Combo Product:



12. On November 14, 2019, Plaintiff sent Defendant a demand letter in which Plaintiff asserted that Defendant's conduct in making, using, and selling the Combo Product constituted infringement of the Patent.

13. On December 12, 2019, Defendant's counsel advised Plaintiff's counsel that Defendant had stopped selling the Combo Product.

14. Subsequently, Plaintiff learned that Defendant had begun selling the Combo Product again. While Defendant was selling the can cooler and the lid separately, Defendant was promoting them to be used together as a kit, as shown in the following image that was posted to Defendant's Facebook and Instagram pages on September 23, 2020:



15. Customers were also invited to use the can cooler and lid together as a kit on Defendant's website, as shown by the following image, which states "USE AS A CUP!" and shows an image of the Combo Product with the lid on it:



16. On October 23, 2020, counsel for Plaintiff sent counsel for Defendant an email complaining about these issues. Following that date, the 3-1 advertisements noted above were removed by Defendant. However, Defendant continues to promote the can cooler and lid together, as shown by the following image from Defendant's website where Defendant invites consumers to "Order a compatible lid and straw to use your combo cooler as a CUP, too!":



17. Moreover, Defendant advertises the can cooler and lid as "frequently bought together" and allows consumers to add them to the cart together with the push of one button, as shown by the following screenshot:



18. If all of those efforts don't work, after a can cooler has been added to a user's cart, Defendant then invites the consumer to add a lid on the next page, as shown by the following screenshot:



19. Despite repeated requests from Plaintiff, Defendant has refused to stop promoting its Combo Product in this manner.

20. When used as intended with the lid, the Combo Product is a beverage kit that is comprised of the following elements/features: (1) a container having an internal threaded section; (2) a threaded gasket configured to engage the internal threaded section of the container; (3) the threaded gasket is configured to contact at least a portion of a beverage can when the beverage can is positioned within the container and when the threaded gasket is engaged with the internal threaded section of the container, so that the beverage can will not fall out of the container when the container is inverted; (4) the user can drink the beverage from the beverage can while the threaded gasket is coupled to the container and in contact with the beverage can; (5) a lid can be

configured to engage an internal portion of the container; and (6) the lid has an extension portion extending from a cover portion, the extension portion having a seal positioned thereon.

21. As described in Defendant's advertising materials, Defendant's Combo Product is designed and intended to be used three-ways: (1) with cans; (2) with bottles; and (3) as a cup when used with the lid.

22. Defendant offers to sell and sells its Combo Product to consumers located throughout the United States.

23. Defendant directs, encourages, and instructs consumers to purchase and use the can cooler and the lid together even though they argue that the items are "sold separately."

## COUNT I: DIRECT INFRINGEMENT

24. Plaintiff incorporates by reference paragraphs 1-23 and re-alleges them as if stated herein.

25. Defendant has directly infringed, and continues to directly infringe, at least Claims 3 and 12 of the Patent in violation of 35 U.S.C. § 271(a) by at least manufacturing, using, selling, offering to sell and/or importing (directly or through intermediaries) in the United States the Combo Product that includes all the limitations of at least Claims 3 and 12 of the Patent.

26. Defendant's infringement of the Patent has directly caused substantial monetary harm to Plaintiff in an amount to be proven at trial, including lost profits.

27. Defendant's infringement of the Patent has caused Plaintiff damages for which Plaintiff has no adequate remedy at law.

28. Defendant's infringement of the Patent has been willful, deliberate, and with full knowledge that the manufacture, use, sale, offer for sale and/or importation into the United States of the Combo Product and/or the components thereof infringes Claims 3 and 12 of the Patent,

justifying the award to Plaintiff of damages three times the amount found or assessed, in accordance with 35 U.S.C. § 284.

29. Defendant's willful infringement of the Patent renders this an exceptional case, justifying an award to Plaintiff of its reasonable attorney fees in accordance with 35 U.S.C. § 285.

## COUNT II: INDUCED INFRINGMENT OF THE PATENT

30. Plaintiff incorporates by reference paragraphs 1-29 and re-alleges them as if stated here.

31. By encouraging and instructing consumers to use the can cooler and the lid together in a manner that Defendant knew or should have known infringes at least Claims 3 and 12 of the Patent, with specific intent to bring about such acts of infringement, Defendant has induced and continues to induce infringement of the Patent in violation of 35 U.S.C. § 271(b).

32. Defendant had knowledge of and/or was willfully blind to the fact that the induced acts of using the can cooler and the lid together by Defendant's consumers would constitute patent infringement.

33. At least as early as November 2019, Defendant had actual knowledge of the Patent.

34. Despite actual knowledge of the Patent, Defendant has engaged and continues to engage in these activities with the specific intent to cause acts which it knows or should know would constitute direct infringement of at least Claims 3 and 12 of the Patent by Defendant's consumers.

35. Defendant has induced and continues to actively induce infringement of the Patent by at least encouraging and instructing persons to purchase and use the components of the Combo Product in a manner that infringes at least Claims 3 and 12 of the Patent.

36. Defendant's past and ongoing conduct subjects Defendant to liability as an indirect infringer for induced infringement.

37. Defendant's induced infringement of the Patent has directly caused substantial monetary harm to Plaintiff in an amount to be proven at trial, including lost profits.

38. Defendant's induced infringement of the Patent has caused Plaintiff damages for which Plaintiff has no adequate remedy at law.

39. Defendant's induced infringement of the Patent has been willful, deliberate, and with full knowledge that the manufacture, use, sale, offer for sale and/or importation into the United States of the Combo Product and/or the components thereof infringes Claims 3 and 12 of the Patent, justifying the award to Plaintiff of damages three times the amount found or assessed, in accordance with 35 U.S.C. § 284.

40. Defendant's willful infringement of the Patent renders this an exceptional case, justifying an award to Plaintiff of its reasonable attorney fees in accordance with 35 U.S.C. § 285.

## COUNT III: CONTRIBUTORY INFRINGMENT OF THE PATENT

41. Plaintiff incorporates by reference paragraphs 1-40 and re-alleges them as if stated here.

42. The Combo Product and/or the components thereof constitute a material part of the inventions recited in Claims 3 and 12 of the Patent.

43. The Combo Product and/or the components thereof offered for sale, sold and/or imported by Defendant are not a staple article or commodity of commerce suitable for substantial non-infringing use, as evidenced by Defendant's own marketing for the Combo Product.

44. Since at least November 2019, Defendant had knowledge that the Combo Product and/or the components thereof were especially made or especially adapted for use in a manner that infringes at least Claims 3 and 12 of the Patent.

45. Defendant's offers to sell, sale and/or importation of the Combo Product and/or the components thereof contributes to infringement of the Patent by Defendant's customers and other users of the Combo Product and/or the components thereof in violation of 35 U.S.C. § 271(c).

46. Defendant's contributory infringement of the Patent has directly caused substantial monetary harm to Plaintiff in an amount to be proven at trial, including lost profits.

47. Defendant's contributory infringement of the Patent has caused Plaintiff damages for which Plaintiff has no adequate remedy at law.

48. Defendant's contributory infringement of the Patent has been willful, deliberate, and with full knowledge that the manufacture, use, sale, offer for sale and/or importation into the United States of the Combo Product and/or the components thereof infringes Claims 3 and 12 of the Patent, justifying the award to Plaintiff of damages three times the amount found or assessed, in accordance with 35 U.S.C. § 284.

49. Defendant's willful infringement of the Patent renders this an exceptional case, justifying an award to Plaintiff of its reasonable attorney fees in accordance with 35 U.S.C. § 285.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully prays for judgment in its favor granting the following relief:

    a. A finding that Defendant has directly infringed, induced others to infringe, and/or contributorily infringed one or more claims of the Patent;

b. An award of damages pursuant to 35 U.S.C. § 284 adequate to compensate Plaintiff for Defendant's infringement of one or more claims of the Patent, including both pre-judgment and post-judgment interest and costs as fixed by the Court;

c. A finding that Defendant's infringement of the Patent has been willful;

d. An increase in the damages to be awarded to Plaintiff of three times the amount found by the jury or assessed by the Court;

e. A declaration that this is an exceptional case within the meaning of 35 U.S.C. § 285, and a corresponding award of Plaintiff's reasonable attorney fees incurred in connection with the litigation;

f. An order permanently enjoining Defendant and its respective officers, agents, servants, employees, and attorneys, and those persons acting in privity or concert with them, from committing further acts of infringement of the Patent, including making, using, offering to sell, or selling in the United States, or importing into the United States the Combo Product; and

g. Such other and further relief as this Court may deem just and proper.

## DEMAND FOR JURY TRIAL

In accordance with F.R.C.P. 38(b), Plaintiff demands a trial by jury on all issues so triable.

By: /s/ Dirk McClanahan_____
Dirk McClanahan (VSB No. 81208)
MCCLANAHAN POWERS, PLLC
8133 Leesburg Pike, Suite 130
Vienna, VA 22182
Telephone: (703) 520-1326
Facsimile:  (703) 828-0205
Email: dmcclanahan@mcplegal.com